**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD DZIONARA-NORSEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:25-cv-155 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer |
| | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

I.      **Recommendation**

It is respectfully recommended that the Petition for a Writ of Habeas Corpus (ECF No. 8) filed by Richard Dzionara-Norsen ("Petitioner") under 28 U.S.C. § 2241 be denied as moot.

II.      **Report**

A.      **Relevant Procedural History**

At the time he initiated the instant litigation, Petitioner was a federal prisoner in the custody of the Bureau of Prisons ("BOP"), serving a sentence of imprisonment imposed by the United States District Court for the Western District of New York.

The operative petition was filed on July 1, 2025. (ECF No. 8.) In the petition, Petitioner challenges the BOP's decision to remove him from a halfway house where he was serving pre-release community custody. He seeks release from BOP custody or release to home confinement. Respondent filed an answer (ECF No. 21), and Petitioner filed a reply. (ECF No. 23.) Petitioner also filed multiple supplements. (ECF Nos. 11, 19, 24, and 25.)

The Petition is ripe for review.

**B.      Legal Standard**

In order to obtain habeas relief, Petitioner has the burden of demonstrating that he "is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Section 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear challenges to BOP decisions that potentially affect the duration of his custody. *See*, *e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990); *see also Dababneh v. Warden Loretto FCI*, 792 Fed. Appx. 149, 150 n.2 (3d Cir. 2019).

**C.      Analysis**

Respondent argues that Petitioner's claims are non-cognizable in this habeas action. They note that Petitioner does not challenge the length or execution of his sentence, but rather the place and manner in which it is served, a matter which is within the exclusive purview of the BOP. However, even assuming for the sake of argument that Petitioner's claims are cognizable, they are moot.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Such is the case here.

As noted in a March 16, 2026, order in a separate case filed by Petitioner in this Court, he was subsequently released from BOP custody after being transferred from FCI Loretto to a Residential Reentry Center in Rochester, New York. *Norsen v. U.S. Marshal's Service*, Civ. A. No. 3:24-102 (W.D. Pa.), ECF No. 29. The BOP's website confirms that Petitioner was no longer in BOP custody as of November 28, 2025, and he filed a notice with the Court on December 4, 2025, indicating that his address was changed to one in Rochester, New York, (ECF No. 26.)

Because Petitioner is no longer in BOP custody, the Court cannot grant Petitioner the relief he seeks in his petition. Accordingly, the petition should be denied as moot.

D.    **Conclusion**

For these reasons, it is respectfully recommended that the Petition for a Writ of Habeas Corpus (ECF No. 8) filed by Richard Dzionara-Norsen be denied as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

April 22, 2026                                         /s/ Patricia L. Dodge
                                                       PATRICIA L. DODGE
                                                       United States Magistrate Judge